## Dwyer v. American Properties, Inc.

*Robert W. Costigan,* for plaintiff.
*Daniel Sherman,* for defendant.

KLEIN, *C.J.,* November 30, 1977—American Properties, Inc., one of defendants, has filed preliminary objections to plaintiffs' complaint, in the nature of a demurrer, on the ground that plaintiffs have joined American Properties, Inc. as a defendant in a trespass action with Reliance Insurance Company as a defendant in an assumpsit action, and that there is no common question of law or fact affecting the potential liability of the two defendants. The objector relies upon Pa. R.C.P. 2229(b) which reads as follows: "A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common

question of law or fact affecting the liabilities of all such persons will arise in the action."

Plaintiffs' complaint is in two counts, the first being in trespass against American Properties, Inc. alleging that due to defendant's false and fraudulent representations plaintiffs were induced to complete settlement for premises 658 Jamestown Street, Philadelphia, Pa. Plaintiffs allege that sometime after the agreement of sale was signed on November 13, 1976, and before the date of settlement on January 14, 1977, the water pipes in the property froze and burst, causing extensive damage; and that during the pre-settlement inspection of the property on January 13, 1977 agents of American Properties, Inc. deliberately concealed evidence of such damage from plaintiffs.

Plaintiffs' second count is in assumpsit, against Reliance Insurance Company, and seeks to recover on a homeowner's insurance policy for monetary losses resulting from the same occurrence, i.e., the freezing and bursting of water pipes in premises 658 Jamestown Street, Philadelphia, Pa.

Even though the claims asserted by plaintiffs arise out of the same occurrence, it has not been established to our satisfaction that there is any common question of law or fact affecting the liability of both defendants. Indeed, Goodrich-Amram goes so far as to say:

"[T]here can be no 'common question of law or fact' if the cause of action against one defendant is based on breach of contract and the cause of action against the other is based on tort. Such joinder will not, therefore, be allowed." 7 Goodrich-Amram 2d, § 2229(b): 5; Morgan v. Phillips, 385 Pa. 9, 122 A.2d 73 (1956).

Although we have concluded the complaint is defective, no purpose will be served by dismissing it as to both defendants. We note in this connection that there is no evidence in the record that service of the complaint on defendant Reliance Insurance Company was ever made.

Accordingly, we enter the following

## ORDER

And now, November 30, 1977, it is ordered and decreed that the preliminary objections are denied as to defendant American Properties, Inc., and sustained as to defendant Reliance Insurance Company, without prejudice to the right of plaintiffs to file a separate complaint in assumpsit naming Reliance Insurance Company as defendant.